**N. P. SANDBOTHE and Eugene C. Keeven, Plaintiffs-Respondents,**

v.

**CITY OF OLIVETTE et al., Defendants-Appellants.**

**No. 41645.**

Missouri Court of Appeals,
Eastern District,
Division Three.

April 15, 1980.

---

1. *See also Annot.,* 15 A.L.R.3d 899, 925–929 (1967).

Shulamith Simon, Husch, Eppenberger, Donohue, Elson & Cornfeld, St. Louis, for defendants-appellants.

Albert Michenfelder, Jr., Clayton, for plaintiffs-respondents.

CRIST, Judge.

Administrative law and procedure case. We reverse the judgment of the circuit court and remand with directions.

Plaintiffs sought, by application, a special use permit from defendants' City Council which would allow plaintiffs to construct, maintain and operate a fast-food restaurant (McDonald's) on the southwest corner of Olive and Dielman Roads, Olivette, Missouri. Evidence was received in this matter at a public hearing held before Olivette's City Council on March 21, 1978, at the conclusion of which the City Council voted by motion to deny plaintiff's application. Contrary to § 536.090, RSMo.1978, the decision of the City Council was not accompanied by the requisite findings of fact and conclusions of law.

On appeal to the circuit court the decision of the City Council was reversed and the council directed to issue the permits, subject to conditions imposed by Olivette's City Planning and Zoning Commission. Our scope of review is equivalent to that of the circuit court. We review the decision of the City Council, not the judgment of the circuit court. *Ingram v. Civil Service Commission*, 584 S.W.2d 633, 634 (Mo.App.1979).

The parties to this appeal agree that: (1) in this instance, the City Council of Olivette was acting in an administrative capacity; (2) this was a contested case which required a public hearing prior to final action on the application; (3) the scope of judicial review is prescribed by Rule 100.-07; and, (4) the issue is whether the record as a whole reflected competent and substantial evidence to support the decision of the City Council. However, it was incumbent upon the City Council to file findings of fact and conclusions of law in order to comport with the mandate of § 536.090(1), RSMo.1978. Said section states, ". . . the decision, including orders refusing licenses, shall include or be accompanied by findings of fact and conclusions of law." The City Council failed to conform its decision to the obligatory dictate of the above quoted section, and it is upon this basis that we find it necessary to reverse and remand, with directions. *Stephen & Stephen Properties, Inc. v. State Tax Com'n*, 499 S.W.2d 798 (Mo.1973).

Accordingly, we reverse and remand this case to the circuit court with directions to reverse its decision and, in turn, remand to the City Council of Olivette for findings of fact and conclusions of law, or for further hearings if the City Council deems such appropriate.

Reversed and remanded.

DOWD, P. J., and REINHARD, J., concur.