CITY OF RICHMOND
HEIGHTS, Respondent,

v.

RICHMOND HEIGHTS PRESBY-
TERIAN CHURCH, Appellant.

No. 70819.

Supreme Court of Missouri,
En Banc.

Feb. 14, 1989.

David G. Dempsey, Richard H. Ulrich, St. Louis, Lee G. Kline, Clayton, for appellant.

Kenneth Heinz, Steven W. Garrett, St. Louis, for respondent.

William T. Smith, III, Kansas City, Lee Boothby, Julie B. Kaplan, Berrien Springs, Mich., amicus curiae, Americans United for Separation of Church and State.

Bernard C. Huger, Anne D. Crane, St. Louis, amicus curiae, Roman Catholic Archdiocese.

Leonard J. Frankel, Edward M. Roth, Irl B. Baris, St. Louis, amicus curiae, American Jewish Congress.

BILLINGS, Chief Justice.

The Circuit Court of St. Louis County enjoined the Richmond Heights Presbyterian Church from operating a day care center for children located on the church's property. The Missouri Court of Appeals, Eastern District, reversed on First Amendment grounds and this Court granted transfer. The Court concludes that under the facts of this case the day care center meets the requirements of an "accessory use" as defined and permitted in the City of Richmond Heights' (City) zoning ordinance. Reversed.

The church is located in an area of the city zoned single family residential only. The day care is operated in an educational building constructed in 1960. The city adopted a zoning ordinance in 1981. In 1984, the church began operating its day care. The church's use of the property as a church is not challenged. It has been stipulated that the day care complies with all applicable health and safety regulations and that the only issue before this Court is whether or not the city's zoning ordinance prohibits the church from operating its day care program in this neighborhood.

■ The dispositive issue in this case is whether or not the operation of the day care center is an "accessory use" under the city zoning ordinances. In order to determine whether a particular use is a permitted accessory use, the wording of the appli-

**648**

cable ordinance is controlling. *Suburbia Gardens Nursery, Inc. v. County of St. Louis,* 377 S.W.2d 266, 273 (Mo. banc 1964); *Coots v. J.A. Tobin Construction Co.,* 634 S.W.2d 249, 251 (Mo.App.1982); *Schaefer v. Neumann,* 561 S.W.2d 416, 424 (Mo.App. 1977). Because of the unique nature of this ordinance applied to these facts, the holding herein is expressly confined to the facts of this case.

■ Under the applicable city zoning ordinance, *No. 3707, art. 2,* an "accessory use" is defined to be:

> ... a structure or use which meets all the following criteria: (1) It is subordinate to and serves a principal building or a principal use; (2) It is subordinate in area, extent or purpose to the principal building or principal use served; (3) It contributes to the comfort, convenience or necessity of occupants, business or industry in the principal building or principal use served; (4) It is located on the same lot as the principal building or principal use served; and (5) It is located in the same or less restrictive zoning district.

In determining the meaning of a zoning ordinance, the words used are to be given their plain, ordinary meaning. *Suburbia Gardens,* 377 S.W.2d at 271.

■ The day care program is subordinate to the principal use of the church. It was created by the governing body of the church and funded by the church. The governing body determined the curriculum for the program and hired a director. The record shows that the church operates the day care to attract new members to the church and accomplish its mission of preaching the gospel and serving the community. Similarly, the day care is subordinate in area to the principal building and use of the church. The day care service contributes to the comfort and convenience of the church parishioners by providing child care for them. The day care proper is located on the same lot as the church and it is located in the same zoning district.

Because the day care operated by the church meets all the requirements for an "accessory use" classification as set out in the city's zoning ordinance, the Court holds the instant day care service is in fact an accessory use. At the time of the opening of the day care center, *§ 402.1* of the ordinance provided that: "accessory uses are permitted in any zoning district in connection with a principal use." Here, the day care operation is a permitted use under the zoning ordinance. Consequently, it is unnecessary to examine the claims that the day care is a nonconforming use or that the trial court's order violated the Missouri and United States constitutions.

The judgment of the trial court enjoining the church from operating the day care center is reversed.

All concur.