**B. Wayne PRINCE, Respondent,**

v.

**The COUNTY COMMISSION OF FRANKLIN COUNTY, William F. Diez, A.D. Wall, Clifton Schuenemeyer, Commissioners, Appellants.**

**No. 55606.**

Missouri Court of Appeals,
Eastern District,
Division Three.

May 9, 1989.

Robert F. Garza, Franklin Co. Asst. Pros. Atty., Union, for appellants.

David L. Baylard, Briegel Baylard Patane & Arand P.C., Union, for respondent.

HAMILTON, Judge.

The County Commission of Franklin County and its individual commissioners (hereinafter collectively cited as the County Commission) appeal the judgment of the circuit court reversing the County Commission's denial of a conditional use permit to B. Wayne Prince (hereinafter cited as Prince). We reverse.

On August 26, 1987, Prince applied for a conditional use permit to operate a business for buying, selling, and trading new and used farm equipment, machinery, tractors, trucks, and other vehicles and implements on his land located in an agricultural non-urban zoning district. Pursuant to the Franklin County Zoning Order, the County Commission referred Prince's application to

the Planning and Zoning Commission which held a public hearing on issuance of the permit.

Prince and several of his neighbors testified before the Planning and Zoning Commission on September 15, 1987. Prince assured the Commission that he would display equipment only at the rear of his property and would build no additional structures on his land. Two neighbors testified they had no objection to the business providing Prince kept equipment at the rear of his property and the conditional use permit was limited to Prince. Other neighbors, expressing reservations, voiced concern about increased noise, traffic, and water pollution generated by the business. In addition, they feared that to grant a permit would precipitate undesirable commercial development, thereby changing the character of the area. The Planning and Zoning Commission also received letters from nearby property owners expressing similar sentiments, including a concern that Prince's business would erode area property values.

On October 20, 1987, the review committee of the Planning and Zoning Commission presented its findings at a meeting of the Planning and Zoning Commission. The review committee found:

(1) The parcel of land is located in a residential subdivision.

(2) The parcel is located in an Agricultural Non–Urban District.

(3) Deslogue [sic] Estates, a planned subdivision of 5 acres or more, has not been reviewed by the Planning Department for compatibility with the Franklin County Master Plan due to the lack of jurisdiction. Nor has it been recorded with the Recorder of Deeds as a platted subdivision.

(4) The placement of a commercial operation would likely reduce property values and retard growth of permitted uses.

The review committee recommended denial of the application for a conditional use permit.

During the discussion about these findings at the meeting on October 20, Prince elaborated upon the nature of his proposed business. He also pointed out that Desloge Estates, some of whose residents opposed his application, did not adjoin his property, but was located across the road from it. The discussion also established that the review committee's first finding was intended to indicate that Prince's property was located in a residential area.

Following the discussion, the Planning and Zoning Commission, rejecting the recommended findings of the review committee, voted to grant Prince's conditional use permit and issued new findings:

1) Based on the fact that the property located is in an Agricultural Non–Urban District, this permit is for farm implements and machinery only, which conforms with this district.

2) There will be no major impact on the surrounding area.

3) It will not be detrimental to the adjoining properties. (Deslogue [sic] Estates is located across the highway)

4) Equipment will be stored behind his house and not visible from the front.

On October 29, 1987, the County Commission denied a conditional use permit to Prince, basing its denial upon the original findings of the review committee of the Planning and Zoning Commission.

Pursuant to Chapter 536, R.S.Mo. (1986), Prince filed a petition for judicial review of the denial by County Commission of his application for a conditional use permit. The trial court entered judgment in favor of Prince, finding no substantial and competent evidence to support the County Commission's denial, only "whimsy, frivolity and considerations which were speculative." The County Commission appeals that judgment. It asserts that the trial court erred in finding no substantial and competent evidence to support the denial of a conditional use permit by the County Commission.

A conditional use permit is " 'a species of administrative permission which allows a

property owner to put his property to a use which the regulations expressly permit under conditions specified in the zoning regulations themselves.'" *Ford Leasing Dev. Co. v. City of Ellisville*, 718 S.W.2d 228, 232 (Mo.App.1986) (quoting 82 Am.Jur.2d, *Zoning and Planning* Section 281 at 827 (1976)).

The scope of our review of the denial of a conditional use permit is equivalent to that of the trial court. We review the decision of the County Commission rather than the judgment of the trial court. *Sandbothe v. City of Olivette*, 599 S.W.2d 38, 39 (Mo.App.1980). Our review of the administrative action encompasses whether it is unsupported by competent and substantial evidence upon the whole record; unauthorized by law; procedurally unlawful; arbitrary, capricious, or unreasonable; or involves an abuse of discretion. Section 536.140(2), RSMo. (1986). *See also Ford Leasing*, 718 S.W.2d at 231–32. Moreover, we examine the evidence in the light most favorable to the administrative body. *Fleming Foods of Missouri, Inc. v. Runyan*, 634 S.W.2d 183, 192 (Mo.banc 1982). Nothing short of clear and convincing evidence can overcome the presumption of the validity afforded the administrative body's decision. *Davco Food Inc. v. City of Bridgeton*, 725 S.W.2d 32, 34 (Mo.App. 1986). If evidence permits two opposite findings, we should accept that of the administrative agency. *Fleming Foods*, 634 S.W.2d at 192. If competent and substantial evidence supports the administrative decision, "then the substantiality of contrary evidence is immaterial." *City of Lotawana v. Lehr*, 529 S.W.2d 445, 452 (Mo. App.1975). Substantial evidence is " 'competent evidence which, if believed, would have probative force upon the issues.'" *Ford Leasing*, 718 S.W.2d at 233 (quoting *Citizens for Rural Preservation, Inc. v. Robinett*, 648 S.W.2d 117, 124 (Mo.App. 1982)).

In the present case, the record before the County Commission consisted of the testimony of Prince and his neighbors at the meetings of the Planning and Zoning Commission, letters written by neighbors, and the findings and recommendation of the Planning and Zoning Commission. Based upon this evidence, the County Commission denied Prince's application for a conditional use permit.

■ The first three findings of the County Commission state no grounds for denial of the application. The fourth finding, however, if supported by competent and substantial evidence, would support the County Commission's decision.

In its fourth finding, the County Commission found that a commercial operation at Prince's location "would likely reduce property values and retard growth of permitted uses." The County Commission heard neighbors express concern about the effect of Prince's proposed business on their property values and on permitted uses such as residences. For example, one Desloge Estates resident stated:

We view the area as basically a residential neighborhood even though it is zoned Agricultural Non–Urban. Most of us have invested a lot in our lots. Property is selling currently there in Desloge Estates at $5,500 an acre, and lots are in a minimum of five acres.... We basically treat it, I suppose, as a threat. That is maybe a little too strong, but basically a threat to our residences, to our neighborhood.

In a letter to the Planning and Zoning Commission, property owners asserted that "[i]f the Conditional Use Permit is granted, a very visible parcel ... becomes commercial and would undoubtedly slow sales in the [Desloge Estates] subdivision ...," and issuance of the permit would "constitute an unfortunate first step in transforming the character of a quiet, rural, residential neighborhood to that of a commercial sector." Finally, another Desloge Estates resident wrote that he opposed issuance of the conditional use permit based upon a "fear" that property values would erode.

■ Testimony of property owners regarding the value of their property and the

effect of administrative action upon that property is competent opinion evidence; its weight is for the trier of fact to determine. *See Conner v. Herd,* 452 S.W.2d 272, 279 (Mo.App.1970).

Consideration of the entire record demonstrates that the County Commission's denial of Prince's application for a conditional use permit is supported by evidence both competent and substantial.

Judgment reversed.

DOWD, P.J., and SIMON, J., concur.