Walter Thomas ODE, et al.,
Respondents,

v.

BOARD OF ZONING ADJUSTMENT
OF PLATTE COUNTY, Defendant,

and

Game Hill of Weston, Inc., Appellant.

No. WD 42314.

Missouri Court of Appeals,
Western District.

Sept. 18, 1990.

Abe Shafer, Weston, for appellant.

Zel M. Fischer, James D. Boggs, John C. Cozad, Kansas City, for respondents.

Before ULRICH, P.J., and
SHANGLER and TURNAGE, JJ.

ULRICH, Presiding Judge.

Game Hill of Weston, Inc., (Game Hill) appeals from judgment in favor of Walter Thomas Ode, Reta Fulk, Donald Jones, Clyde Hill, and Robert Fulk, residents and landowners in Platte County, reversing the decision of the Platte County Board of Zoning Adjustment (Board) and ordering the appellant to cease and desist all shooting activities on its property except shooting incident to hunting live birds as permitted by game laws. On appeal Game Hill claims that "sporting clays," a form of clay pigeon shooting, had occurred at its facility since the hunting club began in 1974, entitling Game Hill to continue the practice;

that the court was obligated to adopt the Platte County Board of Zoning Adjustment's interpretation that the county zoning order and the 1985 special use permit granted Game Hill authority to shoot sporting clays; and the court's judgment that the sporting clays were not permitted by the county zoning order and the special use permit was not supported by the evidence. The judgment is affirmed.

Game Hill obtained a special use permit from the Platte County Planning Commission (Planning Commission) in 1975 and began operating a game hunting area that year. The special permit authorized a hunting area and a trap and skeet range on the property then used by Game Hill. In addition to hunting live game, shooters shot targets at the facility.

In 1981 Game Hill moved its operation to another location within Platte County. Game Hill applied to the Platte County Planning Commission for a special use permit to operate a private hunting club on the new facility. The application did not state that shooting at targets, including clay targets, would occur. Minutes of the Planning Commission's hearing conducted September 8, 1981, reflect the Planning Commission's understanding that only bird hunting in accordance with the game laws of the State of Missouri would be conducted on the property. The Planning Commission issued a special use permit authorizing a "private hunting club" on the property. The special use permit expired September 8, 1986.

On June 6, 1985, anticipating expiration of the 1981 special use permit, Game Hill applied to the Planning Commission for renewal. The application also sought authority to operate a skeet and trap shooting range on the property. The Planning Commission conducted a hearing on August 13, 1985, and denied Game Hill authority to operate skeet and trap shooting ranges. However, the Planning Commission did extend the special use permit for five additional years to allow live bird hunting on the property in accordance with existing game laws until September 8, 1991.

Although the request for a special permit to operate trap or clay ranges on the property was denied, Game Hill conducted "sporting clays" on the property. Sporting clays are events where shooters in groups of four shoot at Clay pigeon targets, advancing through a course of several stations. Shooters shoot at a desired number of clay targets at each station and then move to the next station repeating the practice. The clay targets are the same as those used at trap or skeet ranges and are propelled into the air at each station by a machine called a "trap" or "clay pigeon trap." On numerous occasions over the years, clay pigeon shooting was prodigious on the property. On one occasion, the three-day national sporting clays championship was held on the property. The event included 276 shooters from eleven different countries.

The respondents, residents and landowners in Platte County, requested the Zoning Enforcement Officer to issue a stop order that would have required Game Hill to cease and desist the operation of sporting clays on the property. The Zoning Enforcement Officer denied the request, and the respondents appealed to the Board of Zoning Adjustment. The Board of Zoning Adjustment affirmed the decision of the Zoning Enforcement Officer not to issue a cease and desist order, and the respondents appealed to the circuit court.

On July 5, 1989, the circuit court entered judgment against Game Hill and in favor of respondents. The court held that sporting clays on the Game Hill property was not a legally authorized activity because the activity violated the Platte County zoning order which does not allow rifle, trap, or shooting ranges in an agricultural district and further violated the special use permit granted to Game Hill, currently in existence, which only allowed live bird hunting in accordance with the game laws of Missouri. Game Hill appealed the circuit court's judgment.

 Respondent urges this court to review the circuit court's decision as other court tried civil cases are reviewed and to apply the rule established in *Murphy v.*

*Carron,* 536 S.W.2d 30 (Mo. banc 1976), which requires this court to sustain the trial court's judgment unless there is no substantial evidence to support it, the judgment is against the weight of the evidence or unless the judgment erroneously declares or applies the law. *Id.* at 32. The Platte County Board of Zoning Adjustment is an administrative body established by authority of § 64.660, RSMo 1986, and county order. Section 64.660.2, RSMo 1986, provides that after entry of judgment by the circuit court in an action reviewing the decision of the Board of Zoning Adjustment, "any party to the cause may prosecute an appeal to the appellate court having jurisdiction in the same manner now or hereafter provided by law for appeals from other judgments of the circuit court in civil cases." Although the statute makes provision for appeal to the appropriate appellate court, the statute does not purport to establish a scope or standard of review as suggested by respondents. Review by an appellate court of a contested administrative decision is upon the findings and decision of the administrative agency, not the findings and decision of the circuit court. *Franklin v. Board of Directors,* 772 S.W.2d 873, 877 (Mo.App.1989). The scope of review by the appellate court requires determinations of (1) whether the Board's action was legal in the sense of being authorized by law, and (2) if a hearing was required, whether the Board's decision was supported by competent and substantial evidence on the whole record. *Wolfner v. Board of Adjustment,* 672 S.W.2d 147, 150 (Mo.App.1984); *Stockwell v. Board of Zoning Adjustment of Kansas City,* 434 S.W.2d 785, 789 (Mo.App.1968).

The zoning order for Platte County divides the unincorporated area of the county into districts. One such district is "agricultural," defined by Article X of the zoning order as territory where the principal use of the land is for agricultural purposes, including farming, dairying, pasturage, agriculture, horticulture, floriculture, viticulture and animal husbandry. The property currently used by Game Hill is zoned agricultural. Article IV of the zoning order makes provision for the Planning Commission to issue special use permits "except where the zoning order has expressly made other provisions." Section 4.2 of the zoning order states that "the Planning Commission shall not grant any variance of the applicable provisions of these regulations when considering a special permit application."

The "special use permit" is one technique utilized by government to participate in the phases of land development. Special use permits sanction a land use explicitly authorized in a designated zone by ordinance. *Deffenbaugh Industries, Inc. v. Potts,* WD42099 slip op. at 21 (June 26, 1990). Special use permits allow a land use authorized by the local legislative body and deemed conducive to the welfare of the community but which "may be incompatible with the basic uses in the particular location in relation to surrounding properties, unless certain conditions are met." *Id.* at 21–22. *Potts* states, "[i]n short, a special exception is one allowable [by special use permit] when the facts and the conditions specified in the ordinance as those upon which the exception is permitted are found to exist." *Id.* at 22 (citing 3 E. Ziegler, Rathkopf's Law of Zoning and Planning § 41.05[1] (1989)).

The Platte County zoning order does not specifically preclude operation of a shooting range of any type on land which is zoned agricultural. However, the Table of General Use Regulations, which constitutes a part of the zoning order, does not specifically include establishment of a target range as a use permitted by special permit.

In this case, appeal was taken to the circuit court from the Board of Zoning Adjustment's affirmation of the Zoning Enforcement Officer's refusal to enforce the special use permit's restrictions. Whether the county zoning order prohibited any shooting range on land zoned agricultural as the circuit court found need not be answered. The existing special use permit issued by the Planning Commission authorized use of the property only for live bird shooting in conformance with state law.

Clay pigeons are not live birds. The Board's failure to require enforcement of the limitations contained within the special use permit granted Game Hill a de facto special use permit to establish a shooting range to shoot clay pigeons. The county Planning Commission had specifically denied Game Hill's request for a special use permit for that purpose and whether the request should have been granted was not the issue before the Board. Article IV of the zoning order expressly reserves to the Planning Commission, not the Board, the authority to initially consider and issue special use permits. The County Board of Zoning Adjustment's decision was not supported by competent and substantial evidence upon the whole record and was not authorized by law.

The judgment is affirmed.

All concur.