STATE of Missouri, ex rel., COLUMBIA TOWER, INC., a Missouri Corporation, Columbia FM, Inc., a Missouri Corporation, and Carl Traxler and Martha Traxler, Appellants,

v.

BOONE COUNTY Missouri and County Commission of Boone County, Missouri, Frank Graham, Donald Sanders and David Griggs, Respondents.

No. WD 44785.

Missouri Court of Appeals,
Western District.

March 10, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 28, 1992.

Application to Transfer Denied
June 2, 1992.

Harold A. Walther, Columbia, for appellants.

John Lindsey Patton, Columbia, for respondents.

Before FENNER, P.J., and ULRICH and SPINDEN, JJ.

FENNER, Presiding Judge.

Appellants appeal from a judgment of the trial court affirming the denial of appellants' application for a conditional use permit to erect a 620 foot communication tower in southern Boone County. A public hearing was conducted on appellants' application before the Boone County Commission (Commission) and thereafter appellants' application was denied by the Commission. Upon appeal to the Boone County Circuit Court, the Commission's decision was affirmed. Appellants now seek review by this court.

Appellant, Columbia FM, Inc., is a Missouri Corporation owning KARO radio station, an FM station in Columbia, Missouri. Columbia FM had applied for and obtained permission from the Federal Communications Commission (FCC) to upgrade its signal to 50,000 watts from 3,000 watts. The signal upgrading required Columbia FM to find another location for its broadcasting tower because its existing tower was neither large enough or in a permissible location to accommodate the new signal.

Appellant, Columbia Tower, Inc., was formed for the purpose of building a new broadcasting tower for Columbia FM. Columbia Tower and Columbia FM have the same stockholders.

Appellants, Carl and Maxine Traxler, are the owners of a ninety acre tract in southern Boone County. Appellant, Columbia Tower, agreed to lease the Traxler property for purposes of erecting the new broadcasting tower.

Appellants' first and second points challenge the evidence and are taken together. In their first point, appellants argue that there was no competent and substantial evidence before the Commission to support the Commission's conclusion that the proposed tower would be injurious to the use and enjoyment of the surrounding property. Appellants argue that the evidence presented in this regard only addressed aesthetic concerns which, on their own, are not sufficient to deny their application. In their second point, appellants argue that there was no competent and substantial evidence to support the Commission's conclusion that the proposed tower would adversely affect property values in the surrounding area and alternatively, that said conclusion was contrary to the overwhelming weight of the evidence.

■ This being an appeal from an administrative factual determination, judicial review is limited to whether the decision

was supported by substantial and competent evidence; whether the decision was procedurally unlawful or otherwise unauthorized by law; whether the decision was arbitrary, capricious or unreasonable; or whether the decision constituted an abuse of discretion. *Prince v. County Commission of Franklin County*, 769 S.W.2d 833, 835 (Mo.App.1989) (citations omitted). An appellate court reviews the decision of the County Commission rather than that of the trial court. *Id.* The evidence is viewed in the light most favorable to the administrative decision. *Id.*

The Boone County Commission is authorized to grant or deny applications for conditional uses under Section 15 of the Zoning Regulations of Boone County, Missouri, which reads, in relevant part, as follows:

(1) ... the county commission shall review and approve or deny the application.

(2) Before authorizing the issuance of a conditional use permit, the County Commission may impose such conditions as will, in the County Commission's judgment, insure that:

(a) The establishment, maintenance, or operation of conditional use will not be detrimental to or endanger the public health, safety, morals, comfort, or general welfare.

(b) The conditional use permit will not be injurious to the use and enjoyment of the property in the immediate vicinity for the purposes already permitted nor substantially diminish and impair the property values within the neighborhood.

(c) Adequate utilities, access roads, drainage, and/or other necessary facilities will be provided.

(d) The establishment of the conditional use will not impede the normal and orderly development and improvement of surrounding property for uses permitted in the district.

(e) Adequate measures will be taken to provide ingress and egress so designed as to minimize traffic congestion in the public streets.

(f) The conditional use shall in all other respects conform to the applicable regulations of the district in which it is located and the county commission shall find there is a public necessity for the conditional use.

In denying the application for a conditional use permit in the case at bar, the Boone County Commission found that the erection of the tower in question would be injurious to the use and enjoyment of the other property in the immediate vicinity of the proposed tower; that erection of the tower would diminish property values in the area; and that there was no public necessity for the erection of a radio tower at the proposed site. The Boone County Commission further found that no conditions could be imposed which would alleviate the injury to the use and enjoyment of other property in the immediate vicinity if the conditional use permit were granted.

The record reflects that the Commission heard specific testimony from eight property owners in the vicinity of the proposed tower who each testified that the visual effect of the tower would affect the enjoyment of their property. The Commission also heard evidence that the proposed tower would affect the use and enjoyment of a nearby state park as well as a nearby state forest. Additionally, the Commission had before it numerous photographs of the area of the proposed tower site from which the Commission could assess the visual impact upon the use and enjoyment of the surrounding property. *See, Conner v. Herd*, 452 S.W.2d 272, 279 (Mo.App.1970).

■ Aesthetic considerations are appropriate in zoning matters. *State v. Murray*, 471 S.W.2d 460, 463 (Mo.1971), *cert. denied*, 404 U.S. 851, 92 S.Ct. 87, 30 L.Ed.2d 90 (1971). Aesthetics are inextricably intertwined with encouragement of the most appropriate land use and conservation of property values. *Id.* at 462–463.

In addition to the testimony expressing concern over the visual impact and use and enjoyment of surrounding property, which factors are inextricably intertwined with property values, at least three nearby property owners expressed direct concern that the proposed tower would affect their property values.

Appellants argue that they presented indisputable evidence, by way of an appraisal

report, to show that radio towers did not lower property values for surrounding property. The appraisal report was prepared from interviews of some fifteen individuals by a real estate appraiser. However, the Commission also heard evidence that the method of preparation of the appraisal report was flawed so as to make the report unreliable,.

■ Determination of the credibility of witnesses is for the administrative tribunal, and if the evidence supports either of two contrary conclusions, the administrative determination must prevail. *Gamble v. Hoffman*, 732 S.W.2d 890, 892 (Mo. banc 1987). A reviewing court may not substitute its own judgment and may not set aside an administrative decision unless the decision is clearly contrary to the overwhelming weight of the evidence. *Id.*

■ The record supported a determination by the Commission that the proposed tower would affect use and enjoyment and property values in the surrounding area.

Appellants' first two points are denied.

In their third point, appellants argue there was no competent and substantial evidence to support the Commission's conclusion that there was no public necessity for the proposed tower. Appellants argue in the alternative,. under their third point, that the Commission acted illegally, arbitrarily and unreasonably in requiring that appellants establish a public necessity for the proposed tower.

The determination of this point centers on the definition of public necessity as used in the Boone County Zoning Ordinance.

Section 15.A. of the Boone County Zoning Ordinance establishes the guidelines for granting of a conditional use permit. Section 15.A.(2)(f), as set forth above, requires that before a conditional use permit is granted "... the county commission shall find that there is a public necessity for the conditional use." In the case at bar, the county commission did not find a public necessity for the conditional use permit.

Appellants seem to take the position that the Boone County Commission, by not finding a public necessity, required that they prove there was some absolute public need for issuance of the conditional use permit for their proposed radio tower and because such need was not found, appellants' application was denied. The language of the ordinance does not require such a finding or support such an interpretation.

■ In determining the meaning of an ordinance relating to zoning, the courts seek to ascertain the intention of the lawmakers by giving the words used their ordinary meaning, by considering the entire act and its purposes, and by seeking to avoid unjust, absurd, unreasonable, confiscatory or oppressive results. *Suburbia Gardens Nursery, Inc. v. County of St. Louis*, 377 S.W.2d 266, 271 (Mo. banc 1964).

Conditional uses, traditionally and within the Boone County Zoning Ordinances, cover a multitude of uses many of which are strictly private in nature. A small example of conditional uses permitted within various zoning classifications by the Boone County Ordinance are animal boarding and training facilities, private family cemeteries, mobile homes, private clubs, service stations, taverns, acid manufacturing, explosive manufacturing or storage, glue manufacturing and a variety of other private businesses.

An interpretation of the Boone County Zoning Ordinances which would require a showing of an absolute public need for issuance of a conditional use permit would make it extremely difficult, if not impossible, for permits to be authorized for many uses, otherwise permissible, when the remaining terms and conditions of the ordinances are met. Such an interpretation would effect an absurd and unreasonable result.

■ A zoning ordinance is lawful only if it bears a substantial relation to public health, safety, morals or general welfare. *Renick v. City of Maryland Heights*, 767 S.W.2d 339, 342 (Mo.App.1989). Thus, the basic question in regard to validity of zoning is whether, considering all the circumstances and facts, the extent of public interest and welfare is great enough to outweigh the detriment to individual interests.

*Id.* The desire to promote the health, safety, morals, comfort or general welfare of the community is stated within the general purpose clause of the Boone County Zoning Ordinances.

■ Conditional or special use permits allow a land use authorized by a local legislative body and deemed conducive to the general welfare of the community, but which may be incompatible with the basic uses in the particular location in relation to surrounding properties, unless certain conditions are met. *Ode v. Board of Zoning Adjustment,* 796 S.W.2d 81, 83 (Mo.App. 1990).

Considering the general purpose of the Boone County Zoning Ordinance, the uses authorized pursuant to conditional use permits, as well as the underlying need for zoning ordinances to relate to general welfare, the requirement within the Boone County Zoning Ordinance that there be a "public necessity" for issuance of a conditional use permit is to say that the public interest and welfare must be great enough to outweigh the individual interests which are adversely affected in the event the conditional use permit is granted.

In the vein of appellants' argument, if there were some absolute public need to be served by granting a conditional use permit, such need would be considered in weighing the public interests against the interests of surrounding property owners otherwise deemed to be adversely affected. However, as stated by the Commission, there was no such evidence in the case at bar.

On the other hand, there was evidence before the Commission to show that there were other sites available upon which appellants could build a communication tower. Furthermore, there was evidence in the record to show that lack of ability to build the proposed tower would impact upon appellants, but there was nothing to show that it would have an adverse impact upon the welfare of the public in general. To the contrary, the record supports the Commission's finding that the proposed tower would adversely impact the use and enjoyment of the surrounding property, as well as the surrounding property values.

■ Appellants' argument that the record lacked competent and substantial evidence to support the Commission's conclusion that there was no public necessity for the proposed tower is denied.

■ In their argument that the Commission acted illegally, arbitrarily, and unreasonably in requiring that appellants establish a public necessity, appellants misconstrue the findings of the Commission. In this regard, appellants argue that they were required to make an affirmative showing that there was some public need for the proposed tower. The record does not support this contention, as stated previously. The question of a "public necessity" requires that the public interest and welfare be great enough to outweigh individual interests adversely affected in the event the conditional use permit is granted. For the reasons addressed in this opinion, the "public necessity" was appropriately considered by the Commission.

The judgment is affirmed.

All concur.