**CHAMINADE COLLEGE
PREPARATORY, INC.,
Appellant,**

v.

**CITY OF CREVE COEUR,
et al., Respondents.**

**No. 71709.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Nov. 25, 1997.

Robert J. Koster, St. Louis, for appellant.

Willard Dudley McCarter, St. Louis, for respondents.

**CHARLES B. BLACKMAR,** Senior Judge.

Chaminade is a boys' college preparatory school which exists to further the educational objectives of the Roman Catholic Church, but is not operated in connection with or as an adjunct of a place of public worship. Athletics are considered important in the school's total mission, and the school considers it desirable for parents to take an interest in the students' athletic activities. It proposes to erect lights to illuminate its soccer field so that games may be held during evening hours, when more parents will be able to attend. It contemplates 20 night soccer games a year, with expected attendance exceeding 300.

The school is entirely within the boundaries of the City of Creve Coeur, in an area zoned for residential purposes. The zoning ordinance, if applicable, requires a special use permit for the lighting project, and application was made to the Planning and Zoning Commission of the city. The Commission conducted a hearing at which persons favoring and opposing the construction were heard. The commission recommended that the application be denied.

The matter then came before the city counsel, which also heard evidence and voted to deny the application, seeking to apply the standards of the governing ordinance and finding that the applicant had not demonstrated that the lighted field (1) would contribute to and promote community welfare and convenience; (2) would not cause substantial injury to the value of the neighboring property; (3) would comply with all applicable provisions of the city's zoning code and residual zoning regulations; and (4) would be compatible with the surrounding area and not impose an excessive burden or have a substantial negative impact on surrounding or adjacent properties and uses.

■ Chaminade appealed to the circuit court. That court does not hear the case de novo, but rather reviews the city council's decision to determine whether it is supported by substantial and competent evidence on the record as a whole. *State ex rel. Presbyterian Church of Washington v. City of Washington,* 911 S.W.2d 697, 701 (Mo.App.1992). The circuit court concluded as follows:

> ... Court has reluctantly determined that it must rule in favor of Defendants [city, mayor and councilmembers.] In the Court's opinion the neighbors objecting to the lighting of the soccer field on ten or fifteen evenings per year are extremely petty and selfish in their position. Unfortunately, the Court under the law must deny relief to Plaintiff....

Chaminade then appealed to this court. We affirm the judgment of the circuit court. In doing so, we do not need to decide whether the plaintiff could properly pursue a concurrent declaratory judgment action in addition to seeking review of the council's decision.

Chaminade argues in its first point that the case is controlled by *Congregation Temple Israel v. City of Creve Coeur,* which holds that the governing state statutes did not authorize zoning ordinances which totally exclude places of religious worship from residential areas, and indicates that a contrary holding might raise serious questions under the first amendment. 320 S.W.2d 451, 456 (Mo.1959). Chaminade also relies on the much broader decision of this court in *Village Lutheran Church v. City of Ladue,* which holds emphatically that Section 89.020, RSMo.1994 "does not give municipalities zoning power over churches. Any regulatory

power a municipality may have over churches is purely for safety regulation." 935 S.W.2d 720, 722 (Mo.App.1996). There the city was not permitted to apply its requirement of a fifty foot side yard to an addition to a church building which included a basketball court and classrooms. *Id.*

■ Chaminade, however, is not a church. Its religious affiliation does not necessarily provide the same immunity that churches have. See *Association for Educational Development v. Hayward,* 533 S.W.2d 579, 586 (Mo. banc 1976) (holding that the city was not obliged to issue a single family occupancy permit for a house in which ten unrelated men were living, even though they were clerical and lay members of a religious community). *Urnstein v. Village of Town and Country,* is not properly read as holding that a school enjoys the same immunities as does a church, because the school was in existence at the time the zoning ordinance was adopted. 368 S.W.2d 390, 394–95 (Mo.1963). *City of Richmond Heights v. Richmond Heights Presbyterian Church,* simply holds that a day care program was an accessory use which could be carried on in a church building. 764 S.W.2d 647, 648 (Mo. banc 1989).

Cases relating to public schools in residential neighborhoods, such as *State ex rel. St. Louis Union Trust Company v. Ferriss,* 304 S.W.2d 896 (Mo. banc 1957), are not in point because the governing statutes vest the exclusive power to select sites for public schools exclusively in the several school districts of the state, and municipal zoning ordinances cannot restrict or abridge this authority. Chaminade appears to argue for a special status for schools with a religious mission. This claim is not supported by authority. There would indeed be a first amendment problem if a statute or ordinance discriminated between religious and secular private schools. *Larkin v. Grendel's Den, Inc.,* 459 U.S. 116, 126–27, 103 S.Ct. 505, 511–12, 74 L.Ed.2d 297 (1982). We conclude that Chaminade is not exempt from the operation of the zoning ordinances or from obtaining a special use permit which is otherwise required.

■ Chaminade also argues that the decision of the council denying the special use permit was erroneous because the city counsel's finding was not supported by competent and substantial evidence. The evidence before the council was conflicting. Chaminade presented a well-prepared case with evidence that the proposed lighted soccer field would have no effect on property values and would impose insignificant burdens on the neighboring homeowners. Several occupants testified to their concern about light, noise, traffic congestion, and possible lowering of property values. The consideration of arguments pro and con is committed to the judgment of the council. Zoning often involves questions of sensitivities and perceptions which are appropriate for political rather than for judicial resolution. We view the evidence in the light most favorable to the council's decision. *Fleming Foods of Missouri, Inc. v. Runyan,* 634 S.W.2d 183, 192 (Mo. banc 1982). Unless we conclude that the factual findings are not supported by competent and substantial evidence on the record as a whole, we are not entitled to substitute our judgment for that of the city council. *Prince v. County Commission of Franklin County,* 769 S.W.2d 833, 835 (Mo. App.1989). We cannot say that the council's decision is unsupported by the record before it.

The judgment is affirmed.

CRAHAN, C.J., and CRANE, J., concur.