**Edward R. BRANDEL D/B/A Brandel's Real Estate, Appellant,**

v.

**STATE TAX COMMISSION OF MISSOURI, Respondent.**

**No. WD 38365.**

Missouri Court of Appeals, Western District.

Sept. 16, 1986.

Earle B. Leadlove, St. Louis, for appellant.

Richard L. Wieler, Asst. Atty. Gen., Jefferson City, for respondent.

Before BERREY, P.J., and DIXON and KENNEDY, JJ.

BERREY, Presiding Judge.

Edward R. Brandel, d/b/a Brandel's Real Estate-Breta Research Company, appeals from a judgment of the Circuit Court of Cole County affirming the decision and order of the State Tax Commission stating

that the assessed values on his personal property is correct, fair and lawful. Judgment affirmed.

The facts are undisputed. Appellant filed on August 5, 1986, two complaints for the review of the assessed value of his personal property for the taxable year of 1983. The assessed values were calculated at 33⅓ percent of the true value of the property; the corresponding tax liability of the assessment was then affixed. Appellant's first complaint disputed the value assessment of $1,450 on two trucks and one car owned by him as an individual which had a true value of $4,350. His second complaint contested the value assessment of $100 on office equipment owned by Brandel's Real Estate-Breta Research Company having a true value of $300. The primary allegation in both complaints centered on the discrepancy between the assessment ratio used on his personal property as opposed to the ratio used to assess real property in Cole County, Missouri; his contention was that the uneven application of § 137.115, RSMo 1978, is in contravention of Article X, § 3 and 4 of the Missouri Constitution and the Fourteenth Amendment of the United States Constitution.

An evidentiary hearing was conducted on these complaints by the respondent. The parties did stipulate to several factual matters: (1) that all personal property was assessed at 33⅓ percent of its true value including that belonging to merchants, manufacturers and individuals like plaintiff; (2) that the rates of levy are the same for all classes of property; and (3) that the rates of levy are determined by the total assessed value of all property within the taxing authority.

Appellant called James A. Follina, manager of the Ratio Study for the State Tax Commission, to testify. He stated that the assessment level for real property situated in Cole County for the taxable year 1983 has a mean level of 19.46 percent and that the median ratio was 16.44 percent; the latter percentage reflecting a more accurate measure of the central tendencies of the ratios. Howard Gaffke, assessor of Cole County and appellant's second witness, confirmed that all the real property in the county was not assessed at 33⅓ percent of the true value. He testified the last general reassessment of real property in the county was prior to 1957 but that Cole County, like other counties in the state, had received orders to reassess the land; the county was in the process of bringing some 27,000 parcels of land up-to-date.

John Hennessey, an appraisal specialist with the State Tax Commission testified to the assessment ratios of distributable railroad and utility properties; these properties consist of both real and personal property. He quoted assessment ratios from the taxable year of 1982 as the 1983 results were not yet available. Analyzing only the real property component, the railroad distributable property had a median assessment ratio of 18.5 percent. The distributable utility property was assessed at a level of 26.78 percent.

Assistant Superintendant of the Jefferson City School District, Curtiss Norfleet, also testified. He explained the process of establishing levy rates and the effect of the railroad and utility assessments upon those rates. He stated that if distributable property is assessed at a higher ratio level, a lower rate of levy may be affixed to produce the same revenue.

Finally, the appellant testified as an expert in the property tax field. He calculated that if all taxable property was assessed at 33⅓ percent the levy rate would be reduced by approximately 37.3 percent.

Respondent did not present any evidence at the hearing. The State Tax Commission found that the assessment of appellant and property was correct and lawful as it was being assessed at the same percent of value as all other personal property within the same class. It found that because personal property and real property are in separate constitutional classes of property, evidence regarding the assessment of real property is not relevant to the questions of uniformity and discrimination. These findings

were affirmed by the Circuit Court of Cole County.

■ Appellant filed his appeal to the Supreme Court alleging the court's jurisdiction involved the construction of the revenue laws and provisions of the State Constitution. *See* Art. V, § 3, Mo. Const. The Supreme Court transferred the case to this court citing to *Sperry Corporation v. State Tax Commission*, 695 S.W.2d 464 (Mo. banc 1985), which presented questions of law similar to those at bar. When the claims asserted have already been established by Missouri Supreme Court decisions and do not involve questions of constitutional construction but rather involve questions pertaining to constitutional "application", jurisdiction lies with this court. *Renfrow v. Gojohn*, 600 S.W.2d 77, 79 (Mo. App.1980).

Appellant's first point preserved for review attacks the disparate assessment valuations between real and personal property as being in conflict with Art. X, § 3, which require taxes to "be uniform upon the same class or subclass within the territorial limits of the authority levying the tax." He argues that by the legislature, through its power set forth in Art. X, § 4(b) of the Missouri Constitution, fixing the assessment ratio at 33⅓ percent for all classes of property, § 137.115, and not differentiating between the different classes of property laid out in Art. X, Section 4(a), classifications cannot be said to exist. Appellant relies on *Metal Form Corporation v. Leachman*, 599 S.W.2d 922, 927 (Mo. banc 1980), which defines classification as:

> Putting property of a certain nature into one class and other property into a different class and then taxing them differently, either by prescribing a different tax rate as to each or by assessing the classes at different percentages of value.

From this definition, he argues the failure of the legislature to assign a differential assessment structure, obliterates the classifications, and hence, the disparity in the assessment ratios are in contravention of the uniformity clause.

This argument has been rejected by the Supreme Count in *Sperry Corporation v. State Tax Commission, supra,* 695 S.W.2d at 466, observing that Art. X, § 4(a) of the Constitution of Missouri clearly establishes three classes of property: real, tangible personal and intangible personal property; and that § 137.115 which provides both real and personal property should be assessed at 33⅓ percent "did not, and could not, abolish the classification established by constitutional provision." The court noted that the uniformity of taxes required by Art. X, § 3, is dependant only *upon the same class* of property; uniformity between the classes becomes a requirement only through the legislative enactment of § 137.115, which requires both types of property to be assessed at 33⅓ percent of its true value. *Id.* at 468. The court further recognized, however, that "this standard is to be applied with realization that '[w]hile practical uniformity is the constitutional goal, absolute uniformity is an unattainable ideal.'" *Id.* at 468–9. Averting all discriminatory impacts is an impossibility. *Pipe Fabricators, Inc. v. Director of Revenue,* 654 S.W.2d 74, 77 (Mo. banc 1983).

■ As such, the disparity in assessment levels in the two classes of property does not per se establish a violation of the equal protection clause of the Fourteenth Amendment contrary to the assertions of appellant. *Sperry Corporation v. State Tax Commission, supra,* 695 S.W.2d at 468. The basic standard is set forth:

> It is clear that mere errors of judgment by officials will not support a claim of discrimination. There must be something more,—something which effect amounts to an intentional violation of the essential principal of practical uniformity. The good faith of such officers and the validity of their actions are presumed; when assailed, the burden of proof is upon the complaining party.

*Id.* (quoting from *Sunday Lake Iron Company v. Wakefield Tp.,* 247 U.S. 350, 353, 38 S.Ct. 495, 62 L.Ed. 1154, 1156 (1918). Like *Sperry Corporation v. State Tax*

*Commission, supra,* the evidence fails to reveal intentional and systematic discriminatory actions on the part of the State Tax Commission. As detailed by the *Sperry* court, and as seen by the testimony of Howard Gaffke, the Cole County assessor, the counties were in the midst of a state wide revaluation program to be completed by 1985 to correct real property undervaluations. *Sperry Corporation v. State Tax Commission, supra,* at 470. Appraisal programs which are implemented within an area will inevitably have temporary inequities which do not come within the genre of invidious discrimination within the meaning of the Fourteenth Amendment. *Id.*

Thus, under the principles set forth in *Sperry,* appellant's personal property was properly assessed in accordance with the revenue laws of this state; other personal property owners who were similarly situated were also assessed in accordance with § 137.115, and the disparity in assessment on real property did not rise to the level of a constitutional violation. It becomes unnecessary to address appellant's final point on appeal asserting the trial court failed to make a downward adjustment of the levy rates to remedy the discriminatory assessment of his personal property.

The judgment of the Circuit Court of Cole County is affirmed.

All concur.