provided to the parties, we affirm the convictions.

Judgment affirmed. Rule 30.25(b).

■

STATE of Missouri, Respondent,

v.

Jerry Stan POUSH, Appellant.

No. WD 69973.

Missouri Court of Appeals,
Western District.

Jan. 12, 2010.

Ellen H. Flottman, Esq., Columbia, MO, for appellant.

Shaun J. Mackelprang, Esq. and Jayne T. Woods, Esq., Jefferson City, MO, for respondent.

BEFORE DIVISION ONE: LISA WHITE HARDWICK, Presiding Judge, JAMES M. SMART, JR. and ALOK AHUJA, Judges.

### ORDER

PER CURIAM.

Following a jury trial, Jerry Poush appeals his convictions on three counts of felonious restraint. He contends the evidence is insufficient to prove that: (1) he substantially interfered with the liberty of the three victims; and (2) his conduct caused a substantial risk of serious injury. For reasons explained in a Memorandum

■

MISSOURI REAL ESTATE APPRAISERS COMMISSION, Respondent,

v.

Mark FUNK, Appellant.

No. WD 71027.

Missouri Court of Appeals,
Western District.

Jan. 12, 2010.

Michael X. Edgett, Clinton, MO, for Appellant.

Chris Koster, Attorney General, Craig H. Jacobs, Assistant Attorney General, Jefferson City, MO, for Respondent.

Before Division III: JAMES E. WELSH, Presiding Judge, and JAMES M. SMART, JR., and MARK D. PFEIFFER, Judges.

MARK D. PFEIFFER, Judge.

We examine this case to determine whether the Administrative Hearing Commission (AHC) had sufficient evidence to award Mark Funk (Funk) his general real estate appraiser's certification. In awarding Funk certification, the AHC overturned the decision of the Missouri Real Estate Appraisers Commission (MREAC) denying Funk his certification. The MREAC appealed to the Circuit Court of Cole County (trial court), and the trial court reversed the decision of the AHC. Funk appeals the trial court's judgment. However, because we review the decision of the AHC and not the trial court's judgment, *Bird v. Mo. Bd. of Architects, Prof'l Eng'rs, Prof'l Land Surveyors & Land-* scape Architects, 259 S.W.3d 516, 520 (Mo. banc 2008), the MREAC is charged with writing the appellant's brief and, to prevail in this court, must demonstrate that the AHC's decision was erroneous. Rule 84.05(e). In their single point on appeal, the MREAC argues that the decision of the AHC to grant Funk general real estate appraiser's certification was not supported by substantial evidence. We reverse the judgment of the trial court and reinstate the AHC's decision granting Funk's general real estate appraiser's certification.[1]

## Summary of Facts

Funk, a duly licensed and certified Residential Real Estate Appraiser since 2004, submitted his application for general real estate appraiser certification on January 3, 2007. As part of the required application process, Funk had completed over 180 hours of approved appraisal education, taken and passed the certified general appraisal examination, and completed in excess of 3,000 hours of appraisal work, with over 1,500 of those hours spent conducting commercial appraisals under the supervision of a certified general real estate appraiser. The final step of the application process was a review of two of Funk's commercial real estate appraisals by the MREAC to aid in the determination of whether Funk possessed the knowledge and competency necessary to perform commercial appraisals. This step required the MREAC to choose two of Funk's commercial appraisals from an appraisal log that Funk had submitted to the MREAC to serve as a verification of his required "experience" hours. Funk was then required to send in the appraisals for the MREAC's review. On January 9, 2007, the MREAC requested two appraisals

---

1. Even though the decision we review is the AHC's decision and not the trial court's judgment, this court is charged with the responsibility to reverse, affirm, or otherwise act upon the trial court's judgment. *Bird,* 259 S.W.3d at 520 n. 7 (citing to Rule 84.14).

from Funk; however, the MREAC chose *residential* appraisals, instead of *commercial* appraisals. Funk notified the MREAC that he thought this was a mistake, but the MREAC maintained that the selected residential appraisals were sufficient. Funk submitted the requested appraisals. On March 8, 2007, one day prior to the deadline for filing the sample appraisals, the MREAC called Funk and informed him that the MREAC had, in fact, requested the wrong sample appraisals. The MREAC instructed Funk that he must submit two *commercial* appraisals before the MREAC met the next day. Funk complied and submitted two commercial appraisals. The newly requested commercial appraisals were appraisals that had been prepared by Funk in 2006.

On April 11, 2007, Funk received a letter asking him to appear before the MREAC to answer questions about his submitted commercial appraisals. The MREAC questioned Funk at a hearing on May 17, 2007. The hearing explored the analysis and rationale Funk used in developing his commercial appraisals and involved extensive questioning on appraisal methods and theory. Over three months later, after repeated inquiries from Funk to the MREAC, Funk was informed by letter dated August 14, 2007, that his application was rejected. The basis of the rejection was that Funk's commercial appraisals failed, in the opinion of the MREAC, to demonstrate his competence as an appraiser because they did not conform to the Uniform Standards of Professional Appraisal Practice (USPAP). Funk appealed to the AHC.

Six months prior to the AHC hearing, Funk submitted three additional commercial appraisals for consideration by the

AHC. These commercial appraisals had been prepared by Funk in 2007.[2] The AHC held a hearing on May 19, 2008. At the hearing, the 2007 appraisals were offered into evidence without objection. The MREAC's expert witness, James Summers, a general appraiser employed by Bliss Associates of Kansas City, testified that the 2006 appraisals that had been previously submitted by Funk to the MREAC did not meet some standards of the USPAP. However, Summers also testified that he had not seen or reviewed the 2007 appraisals admitted into evidence. Consequently, Mr. Summers had no opinion on Funk's competency based upon the 2007 appraisals. Funk testified on his own behalf and stated that the 2007 appraisals were performed in substantial compliance with the USPAP.

The AHC noted that, as an experienced residential real estate appraiser who had completed numerous commercial appraisals under the supervision of a certified general real estate appraiser, Funk was qualified to act as an expert witness on the issue of whether the 2007 appraisals met USPAP standards. Based upon the 2007 appraisals, Funk's education, Funk's experience, and Funk's successful examination record, the AHC found that Funk was qualified to receive his general appraiser's certification. The MREAC appealed the decision to the trial court. The trial court reversed the AHC's decision, finding that there was insufficient evidence to support the AHC's finding. Funk filed this timely appeal.

### Standard of Review

 As noted earlier, we review the decision of the AHC and not the trial court's judgment. *Bird*, 259 S.W.3d at

---

**2.** In the interest of clarity, we will refer to the appraisals that the AHC reviewed in the hearing before the AHC as the 2006 appraisals; we will refer to the supplemental appraisals that Funk submitted in 2007 as the 2007 appraisals.

520. We examine the decision to determine if, upon due consideration to the whole record, there is sufficient competent and substantial evidence to support the award. *Albanna v. State Bd. of Registration for Healing Arts*, 293 S.W.3d 423, 428 (Mo. banc 2009) (citing *Hampton v. Big Boy Steel Erection*, 121 S.W.3d 220, 223 (Mo. banc 2003)). We look to see if the decision of the AHC is "the rare case when the award is contrary to the overwhelming weight of the evidence." *Hampton*, 121 S.W.3d at 223. Our review of issues of law is *de novo*. *State Bd. of Registration for Healing Arts v. McDonagh*, 123 S.W.3d 146, 152 (Mo. banc 2003). We do not view the evidence in the light most favorable to the award. *Hampton*, 121 S.W.3d at 223. However, the AHC " 'is the sole judge of the credibility of witnesses and the weight and value to give to the evidence.' " *Clayton v. Langco Tool & Plastics, Inc.*, 221 S.W.3d 490, 493 (Mo.App. S.D.2007) (quoting *Blackwell v. Puritan–Bennett Corp.*, 901 S.W.2d 81, 85 (Mo.App. E.D.1995)).

### Scope of AHC's Hearing

Though the issue of whether Funk demonstrated competence and knowledge in his commercial appraisals was the rationale for the denial of his general real estate appraiser's certification by the MREAC, the scope of the AHC's hearing was not restricted to this issue. Instead, the AHC was entitled to conduct a fresh inquiry into whether Funk was deserving of certification, based upon the entire record of relevant admitted evidence pertaining to certification. *Dep't of Soc. Servs., Div. of Med. Servs. v. Senior Citizens Nursing Home Dist. of Ray County*, 224 S.W.3d 1, 15 (Mo.App. W.D.2007) ("The commission actually steps into the department's shoes and becomes the department in remaking the department's decision. This includes the exercise of any discretion that the department would exercise."). Thus, the inquiry of the AHC was whether, *at the time of the AHC hearing,* Funk met the requirements for general real estate appraisal certification as outlined in sections 339.511.3 [3] and 339.535.[4]

■ The AHC had discretion to review Funk's entire application for certification and give weight to all of Funk's efforts to meet the qualifications. The AHC was not limited to determining whether Funk had demonstrated reasonable competence and knowledge in his commercial appraisal samples. However, in reviewing those samples, and all other efforts Funk undertook to show the competence necessary to obtain certification, the AHC could be guided by the comment to the USPAP's Standards Rule 1-1(c). This comment notes that "[p]erfection is impossible to attain, and competence does not require perfection." *Unif. Standards of Prof'l Appraisal Practice & Advisory Opinions*, § 1–1(c), http://www.uspap.org/2010 USPAP/eUSPAP2010.htm. Furthermore, because the AHC stood in the shoes of the MREAC to review Funk's application anew, the AHC was free to look at any properly admitted evidence. § 536.070(8).

---

**3.** All statutory references are to RSMo 2000 unless otherwise indicated.

**4.** Those requirements are outlined in § 339.511.3, § 339.535, and in regulations promulgated by the Commission under statutorily granted authority: Mo.Code Regs. Ann. 20 § 2245–3.010(5)(A); 20 § 2245–6.010; 20 § 2245–6.015. These requirements include good moral character; a good reputation for honesty, integrity, and fair dealing; possession of residential real estate certification; 180 hours of education; 3,000 hours of appraisal experience; 1,500 of those hours must be commercial appraisal experience under the supervision of a certified general appraiser; passing of a national general appraisal exam; and demonstrates knowledge and competency in their appraisal reports.

Consequently, the AHC was entitled to consider the 2007 appraisals and to grant them more weight than the 2006 appraisals, if the AHC deemed the 2007 appraisals to be a more accurate demonstration of Funk's knowledge and competence *at the time of the AHC hearing.*

### Sufficiency of the Evidence

■ In its sole point on appeal, the MREAC maintains that the AHC's decision was not supported by competent and substantial evidence because Funk provided no expert other than himself to testify that the 2007 appraisals met USPAP standards.[5] The MREAC concedes that Funk met all the requirements for certification except for the production of a representative sample of commercial appraisals that demonstrated the competence and knowledge necessary to be a certified general appraiser. The MREAC also concedes in its brief that the 2007 appraisals were admitted into evidence without objection. The MREAC further agrees that no objection was presented to the AHC in response to Funk's testimony regarding Funk's opinion as to the competency displayed in those appraisals. However, the MREAC argues that Funk's testimony about his competency lacked sufficient probative value to constitute competent and substantial evidence because it maintains that Funk's testimony did not establish a reasoned application of specialized knowledge to the data and was inherently biased.

In so arguing, the MREAC conflates the requirements for the admissibility of expert testimony with whether that testimony has probative value. As the MREAC correctly notes, section 490.065 governs the admissibility of expert testimony in an administrative proceeding. *McDonagh,* 123 S.W.3d at 154–55. Section 490.065 requires Funk to demonstrate a reasoned application of specialized knowledge to the data; however, section 490.065 is concerned with *admissibility* and not whether the evidence is *probative* or *credible.* Consequently, Funk's alleged failure to clearly outline the basis for his opinion is a technical defect that could have defeated the *admissibility* of his opinion if it had been objected to at the time, but it does not necessarily make the evidence unsubstantial or insufficient.

■ Our inquiry is whether Funk's testimony regarding the 2007 appraisals constitutes substantial evidence that could form a basis for the AHC's decision. The AHC is free to consider any evidence admitted without objection if that evidence has probative value. § 536.070(8). " 'Competent evidence is relevant and admissible evidence that can establish the fact at issue.' " *Martin Marietta Materials, Inc. v. Bd. of Zoning Adjustment of Cass County,* 246 S.W.3d 9, 11 n. 3 (Mo.App. W.D.2007) (quoting *State ex rel. Gannett Outdoor Co. of Kansas City v. City of Lee's Summit,* 957 S.W.2d 416, 419 (Mo.App. W.D.1997)). " 'Substantial evidence is competent evidence which, if believed, would have probative force upon the issues.' " *Id.* (quoting *Gannett,* 957 S.W.2d at 419).

In the present case, testimony regarding Funk's opinion about the ultimate fact at issue would have probative effect if there was a reasonable basis for it to be accurate and if it was believed. Our continued inquiry, then, is whether Funk established his knowledge of appraisal processes and procedures sufficiently enough for the AHC to rely on his opinion. We find that

---

5. Though the MREAC also argues in this appeal that the 2007 appraisals do not meet USPAP standards, the MREAC did not object or otherwise raise this issue at the AHC hearing and, consequently, this issue is not preserved for appellate review. *City of Kansas City v. Chung Hoe Ku,* 282 S.W.3d 23, 28 (Mo.App. W.D.2009).

he did. It is clear from the AHC decision that the AHC examined and relied upon Funk's significant background in the appraisal profession to determine that he had an adequate foundation as an expert witness to testify on the issue of whether the 2007 appraisals conformed to the USPAP and thereby demonstrated knowledge and competence.

██ We note that Funk's résumé was in evidence and that his résumé revealed that Funk had graduated from law school, worked as a real estate developer, taught continuing education courses in the field of real estate appraisal, was qualified by numerous courts to testify as an expert witness in the field of real estate appraisal, and had been a certified residential real estate appraiser since 2004. With this background, Funk demonstrated a solid grounding in the real estate industry in general and the appraisal field in particular. Though the appraisals Funk was testifying about were commercial real estate appraisals instead of residential appraisals, the AHC observed that Funk had met all the requirements for his commercial certification except for this final stage. He had completed over 180 hours of education; had logged over 3,000 hours of appraisal experience, including over 1,500 hours of commercial real estate appraisal experience; and passed the general real estate appraisal exam. It was not illogical for the AHC to conclude that the extensive process that the MREAC requires would, at the least, prepare Funk to recognize a properly completed appraisal. Consequently, Funk's testimony was relevant and substantial evidence on the issue of whether his 2007 appraisals conformed to the USPAP and constituted additional probative evidence demonstrating that he was knowledgeable and competent in the area of general real estate appraisal.

The MREAC argues that even if Funk's testimony would have been sufficient evidence on the issue of whether a particular appraisal demonstrated knowledge and competence, it was not sufficient evidence on the issue of whether *Funk's* appraisal demonstrated knowledge and competence. They maintain that Funk's inherent bias makes his testimony irrelevant and further contend that Funk could not testify because his competence was the ultimate issue of the hearing. Essentially, they are stating that Funk was so inherently biased as to be unbelievable and not credible.

██ While uncommon, this is not the first case where a plaintiff or defendant has testified as an expert witness. *Redel v. Capital Region Med. Ctr.*, 165 S.W.3d 168, 173–74 (Mo.App. E.D.2005) (finding that a doctor can establish the standard of care in his own medical malpractice trial); *Brandel v. State Tax Comm'n of Mo.*, 716 S.W.2d 886, 887 (Mo.App. W.D.1986) (allowing a plaintiff to testify as a tax expert regarding the effect a change in the tax assessment rate would have in altering the tax levy on property). While the fact that Funk had an interest in the outcome of the hearing does go to his testimonial credibility, it does not disqualify him from testifying or render his testimony meaningless. It was up to the AHC to assess Funk's credibility. *Larocca v. State Bd. of Registration for Healing Arts*, 897 S.W.2d 37, 45 (Mo.App. E.D.1995). The AHC believed him. We are not permitted to substitute our judgment for the judgment of the AHC on the credibility of witnesses. *Id.*

In light of the entire record, the decision of the AHC was founded on substantial and competent evidence. Consequently, we reverse the trial court's judgment and reinstate the AHC's award of Funk's general real estate appraisal certification.

JAMES E. WELSH, Presiding Judge, and JAMES M. SMART, JR., Judge, concur.