

# In the Missouri Court of Appeals
## Western District

| | | |
|---|---|---|
| MISSOURI REAL ESTATE APPRAISERS COMMISSION, | ) ) | |
| Respondent, | ) | |
| v. | ) | WD77769 |
| | ) | |
| MARK A. FUNK, | ) | FILED: August 4, 2015 |
| Appellant. | ) | |

## APPEAL FROM THE CIRCUIT COURT OF COLE COUNTY
### THE HONORABLE JON E. BEETEM, JUDGE

### BEFORE DIVISION THREE: KAREN KING MITCHELL, PRESIDING JUDGE,
### LISA WHITE HARDWICK AND ANTHONY REX GABBERT, JUDGES

Mark Funk appeals the circuit court's judgment reversing the Administrative Hearing Commission's decision awarding him attorney fees and expenses as the prevailing party on his appeal of real estate licensure matter. Because we find that Funk's fee application was untimely, the AHC did not have jurisdiction to award the fees and expenses. We affirm the circuit court's reversal of the AHC's award.

### FACTUAL AND PROCEDURAL HISTORY

On August 14, 2007, the Missouri Real Estate Appraisers Commission (MREAC) denied Mark Funk's application for a commercial real estate appraisal license. As part of the application process, MREAC required Funk to submit two

appraisal reports to demonstrate his competence in the field. Upon review, MREAC concluded that the reports contained several miscalculations and omissions of required information. MREAC allowed Funk an opportunity to explain his methods and work product. Ultimately, however, MREAC sent Funk a letter denying his application and informing him of his right to seek an administrative appeal of the decision.

On September 12, 2007, Funk appealed to the Administrative Hearing Commission (AHC), acting *pro se*. The AHC granted Funk's application for a license on November 5, 2008. MREAC filed a petition for judicial review. The Cole County Circuit Court reversed the AHC's decision. On appeal, we reversed the circuit court and reinstated the AHC's decision granting Funk his license. Thirteen days after our mandate was issued on February 3, 2010, Funk filed an application for attorney fees with the AHC.

The AHC initially dismissed Funk's fee application for lack of jurisdiction because he did not file it within thirty days of prevailing at the AHC as required by Section 536.087, RSMo 2000.[1] Funk sought judicial review in the Henry County Circuit Court, which reversed the AHC's dismissal and remanded Funk's fee application for a hearing. The circuit court did not explain the rationale for its ruling but presumably concluded that the AHC had jurisdiction over Funk's application for attorney fees.

---

[1] All statutory references are to the Revised Statutes of Missouri 2000, as updated by the 2013 Cumulative Supplement, unless otherwise indicated.

On remand, the AHC found that MREAC was not substantially justified in appealing the initial grant of Funk's real estate license. After hearing evidence from Funk, his attorney, and an expert witness regarding the reasonableness of the fee request, the AHC found that special factors were present to support Funk's request for $200 per hour in attorney fees, rather than the statutory cap amount of $75 per hour as set forth in Section 536.085. The AHC awarded Funk a total of $17,055 in attorney fees and $2,379.92 in costs.

MREAC filed a petition for judicial review of the AHC's award of fees and expenses in the Cole County Circuit Court. The circuit court reversed the AHC's decision. Funk now appeals.

## STANDARD OF REVIEW

We review the decision of the AHC and not the judgment of the circuit court. *Bird v. Missouri Bd. of Architects, Prof'l Eng'rs, Prof'l Land Surveyors & Landscape Architects*, 259 S.W.3d 516, 520 (Mo. banc 2008). We examine the decision to determine whether there is sufficient competent and substantial evidence to support the award. *Albanna v. State Bd. of Registration for Healing Arts*, 293 S.W.3d 423, 428 (Mo. banc 2009). We determine whether the AHC's decision is "the rare case when the award is contrary to the overwhelming weight of the evidence." *Missouri Real Estate Appraisers Comm'n v. Funk*, 306 S.W.3d 101, 105 (Mo. App. 2010) (citation omitted). However, issues of law are reviewed *de novo*. *Id.* MREAC is charged with submitting the appellant's brief

3

and, to prevail in this court, must demonstrate that the AHC's decision was erroneous. Rule 84.05(e).

MREAC raises three points on appeal, asserting that: (1) the AHC was without jurisdiction to entertain Funk's application for attorney fees and expenses; (2) the AHC used the incorrect legal standard in finding that MREAC was not substantially justified in its decision to appeal the AHC's decision granting Funk his license; and (3) the AHC erred in awarding attorney fees at a rate that exceeds the $75 hourly amount provided in Section 536.085. Because we conclude that the AHC lacked jurisdiction to consider the fee application, the first point is dispositive and we need not address the remaining points.

In Point I, MREAC contends the AHC lacked jurisdiction to entertain Funk's application for attorney fees and expenses because it was untimely. Specifically, MREAC argues that Funk, as the prevailing party at the AHC, was required to file his application with the AHC within thirty days of its final disposition but failed to do so – notwithstanding the fact that Funk appeared *pro se* and had not yet incurred attorney fees. Alternatively, MREAC asserts that even if Section 536.087 also allows Funk to file his application with this court after prevailing on appeal, he nevertheless filed in the wrong forum by filing with the AHC instead of this court.

Section 536.087.3 provides, in pertinent part:

A party seeking an award of fees and other expenses shall, within thirty days of a final disposition in an agency proceeding or final judgment in a civil action, submit to the court, agency or commission

4

which rendered the final disposition or judgment an application which shows that the party is a prevailing party and is eligible to receive an award under this section...

Section 536.087.4 specifies the forum in which the prevailing party must file its fee application:

A prevailing party in an agency proceeding shall submit an application for fees and expenses to the administrative body before which the party prevailed. A prevailing party in a civil action on appeal from an agency proceeding shall submit an application for fees and expenses to the court.

The statute thus provides alternative forums in which a prevailing party may file its application for attorney fees and expenses. As we stated in *Davis v. Angoff*, 957 S.W.2d 340, 343 (Mo. App. 1997):

The plain language used in section 536.087 dictates that the thirty day filing period commences whenever a "final disposition" is reached in *either* an "agency proceeding" *or* a "civil action." An agency decision, as well as a court decision, therefore, can trigger the onset of the thirty day filing period.

(Emphasis in original).

Prior decisions interpreting Section 536.087 have held that the appropriate forum for filing a fee application is the forum in which the party *first* prevailed. *Missouri Comm'n on Human Rights v. Red Dragon Rest., Inc.*, 991 S.W.2d 161, 172 (Mo. App. 1999); *State ex rel. Div. of Transp. v. Sure-Way Transp., Inc.*, 948 S.W.2d 651, 657 (Mo. App. 1997). Thus, because Funk first prevailed in the AHC, he was required to file his fee application with the AHC within thirty days of its final disposition of the administrative proceeding pursuant to Section 536.087. *See Red Dragon Rest., Inc.*, 991 S.W.2d at 172 (prevailing party failed to file

5

application for fees within thirty days of first prevailing in the circuit court); *Hernandez v. State Bd. of Registration for Healing Arts*, 936 S.W.2d 894, 901 (Mo. App. 1997) (plaintiff "correctly filed his application for fees with . . . the administrative body before which he prevailed"); *Angoff*, 957 S.W.2d at 344 (where party first prevailed at the AHC, the fee application must be filed with AHC and action "held in abeyance until the adversary proceeding becomes final").

Funk argues, however, that such an interpretation would preclude a fee application by any *pro se* litigant who prevails at the AHC and subsequently hires an attorney on appeal. Even if we adopted Funk's interpretation of Section 536.087 to allow a *pro se* litigant to file an application for fees in the tribunal where it first prevailed *with an attorney*, such an interpretation would not benefit him in this action. Funk did not file his fee application with this court (where he prevailed with an attorney), but instead chose to file his application with the AHC. Therefore, Funk filed in the wrong forum if his fee request was based on the theory that prevailing in this court triggered the thirty-day filing period.

Because Funk first prevailed at the AHC, Section 536.087 required him to file his fee application with the AHC within thirty days of its final disposition of the administrative proceeding on November 5, 2008. However, Funk did not file such an application until February 16, 2010, more than 15 months after he first prevailed. In the alternative, if Funk was entitled to file his fee application within 30 days of first prevailing *with an attorney*, he failed to file his application in the

6

forum in which he prevailed with counsel – this Court. Thus, Funk's application was untimely and the AHC did not have jurisdiction to consider the fee request.

Funk argues that the doctrines of "law of the case" and "collateral estoppel" bar relitigation of the issue of the AHC's jurisdiction to decide his application for fees and expenses. He notes that the AHC's initial decision that it lacked jurisdiction was appealed to the Henry County Circuit Court, which reversed and remanded to the AHC for a hearing on Funk's application. Funk argues that because MREAC did not appeal the circuit court's reversal on the issue of jurisdiction, the circuit court's decision has become the "law of the case."

We have recognized that "an adjudication in an earlier appeal in the case is the law of the case as to all questions directly raised and passed upon, and is also the law of the case as to matters which arose prior to the first appeal and might have been raised thereon but were not." *Davis v. Gen. Elec. Co.*, 991 S.W.2d 699, 703 (Mo. App. 1999) *overruled on other grounds by Hampton v. Big Boy Steel Erection*, 121 S.W.3d 220 (Mo. banc 2003). However, "an appeal from an order remanding to an administrative tribunal for additional proceedings is not authorized by § 512.020, and thus, there is no appeal from such an order." *Labor & Indus. Relations Comm'n v. Hoffman*, 825 S.W.2d 874, 876 (Mo. App. 1992). Moreover, when the circuit court remands to the agency for a decision on the merits, there is no final judgment from which to appeal. *See Buchheit, Inc. v. Missouri Comm'n on Human Rights*, 215 S.W.3d 268, 276 (Mo. App. 2007). Here, because the circuit court did not address the merits of the underlying claim,

7

but instead "remanded to the [AHC] for a hearing on [Funk]'s application," its decision was not a final appealable judgment. Because MREAC could not have appealed that decision, MREAC cannot be said to have let the circuit court's decision stand. Thus, the law of the case doctrine does not apply.

Similarly, Funk's reliance on the doctrine of collateral estoppel is misplaced. Collateral estoppel is used to preclude litigation of an issue that has already been decided in a previous action. *Besand v. Gibbar*, 982 S.W.2d 808, 809 (Mo. App. 1998). Here, the circuit court's decision remanding to the AHC is merely a part of the procedural posture of this particular action and is not a separate, independent action or case. Under Funk's argument, this court would be bound by any circuit court's decision based on the doctrine of collateral estoppel, effectively precluding appellate review of those decisions. The doctrine has no bearing on our consideration of the AHC's jurisdiction in this case.

We conclude that Funk's application was not timely filed and, therefore, the AHC did not have jurisdiction to award him fees and expenses. *See Angoff*, 957 S.W.2d at 343 ("[f]ailure to request attorney's fees within thirty days of a final disposition in an agency proceeding . . . deprives the court or agency of jurisdiction to consider the request."). Accordingly, the circuit court properly reversed the AHC's decision.

## CONCLUSION

We affirm the circuit court's judgment reversing the AHC's award of fees and expenses.

8

_____
LISA WHITE HARDWICK, JUDGE

ALL CONCUR.