

# In the Missouri Court of Appeals
## Western District

| | | |
|---|---|---|
| EUGENE W. DWIGGINS, | ) | |
| Appellant, | ) | WD79749 |
| v. | ) | |
| | ) | |
| MISSOURI REAL ESTATE | ) | FILED: December 27, 2016 |
| APPRAISERS COMMISSION, | ) | |
| Respondent. | ) | |

## APPEAL FROM THE CIRCUIT COURT OF COLE COUNTY
### THE HONORABLE PATRICIA S. JOYCE, JUDGE

### BEFORE DIVISION TWO: LISA WHITE HARWDWICK, PRESIDING JUDGE, KAREN KING MITCHELL AND ANTHONY REX GABBERT, JUDGES

Eugene Dwiggins appeals from the Missouri Real Estate Appraisers Commission's ("Commission") finding that he was subject to professional discipline for violating the Uniform Standards of Professional Appraisal Practice ("USPAP"), 2012-2013 Edition. Dwiggins contends it was improper for the Commission to apply the USPAP, because the 2012-2013 Edition has not been adopted as law in Missouri. For reasons explained herein, we affirm.

### FACTUAL AND PROCEDURAL HISTORY

Dwiggins is licensed by the Commission as a state-certified residential real estate appraiser. In November 2012, Dwiggins entered into a "Settlement

Agreement and Joint Agreed Disciplinary Order" with the Commission. The discipline stemmed from two appraisals prepared by Dwiggins that violated the USPAP. Pursuant to the settlement agreement and joint disciplinary order, Dwiggins's residential real estate appraiser certification was suspended for one month and placed on probation for three years, from January 2013 until January 2016. The probationary terms required Dwiggins to submit quarterly logs of his appraisal work and, upon request, to send copies of his appraisal work to the Commission.

During the probationary period, the Commission requested copies of eight appraisals completed by Dwiggins. In May 2015, the Commission filed an "Amended Probation Violation Complaint" and determined, after a hearing, that Dwiggins had violated the USPAP, 2012-2013 Edition, in two of the requested appraisals. Based on this finding, the Commission ordered that Dwiggins's probationary period be extended two years to January 2018.

Dwiggins filed a petition for administrative review in circuit court to challenge the extension of his probation. The circuit court entered judgment in favor of the Commission. Dwiggins appeals.

## STANDARD OF REVIEW

We review the decision of the Commission and not the circuit court's judgment. *Mo. Real Estate Appraisers Comm'n v. Funk*, 306 S.W.3d 101, 104 (Mo. App. 2010). We review the Commission's decision to determine if it is:

(1) in violation of constitutional provisions;

2

(2) in excess of the statutory authority or jurisdiction of the agency;

(3) unsupported by competent and substantial evidence upon the whole record;

(4) for any other reason, unauthorized by law;

(5) made upon unlawful procedure or without a fair trial;

(6) arbitrary, capricious or unreasonable; [or]

(7) an abuse of discretion.

§ 536.140.2.[1] In this appeal, Dwiggins challenges the propriety of the Commission's application of the USPAP. This is an issue of law, which we review *de novo*. *Funk*, 306 S.W.3d at 105.

## ANALYSIS

In his sole point on appeal, Dwiggins contends the Commission erred in finding that he was subject to professional discipline for violating the USPAP, 2012-2013 Edition. He argues that the standards articulated in the 2012-2013 Edition have not been adopted by statute or regulation in Missouri and, therefore, cannot provide grounds for discipline of his real estate appraiser license.[2]

Contrary to Dwiggins' argument, the USPAP was adopted by Missouri in 1990 as part of a federal regulatory scheme for real estate appraisals. The legislature implemented Section 339.535 in order to comply with Title XI of the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 (FIRREA) for the federal regulation of appraisers in response to the savings and loan crisis. 12

---

[1] Unless otherwise indicated, all statutory references are to the Revised Statutes of Missouri 2000, as updated by the 2013 Cumulative Supplement.

[2] In this appeal, Dwiggins does not challenge appeal the Commission's finding that he violated the USPAP in his preparation of real estate appraisals.

3

U.S.C. 3331-3351. The USPAP is an evolving set of professional standards developed by the Appraisal Standards Board of the Appraisal Foundation, which is authorized by the U.S. Congress as the independent source of appraisal standards and appraiser qualifications. 12 U.S.C. 3332(a)(5) and (b).

As implemented in Missouri, Section 339.535 provides: "State-certified real estate appraisers, state-licensed real estate appraisers, and state-licensed appraiser trainees shall comply with the Uniform Standards of Professional Appraisal Practice promulgated by the appraisal standards board of the appraisal foundation." Through its use of the word "shall," the legislature's clear intent is to mandate that state-certified real estate appraisers comply with the USPAP. *See Jackson-Mughal v. Div. of Emp't Sec.*, 359 S.W.3d 97, 101 (Mo. App. 2011). Despite the State's adoption of these uniform standards in 1990, Dwiggins argues that neither the legislature nor the Commission have taken further steps to approve or adopt more recent editions of the USPAP. He therefore asserts that the 2012-2013 Edition of the USPAP cannot serve as the basis for professional discipline under Missouri law. This argument is without merit because the statute is not limited to a particular edition or updated version of the USPAP. By its plain language, Section 339.535 requires Dwiggins, a state-certified real estate appraiser in Missouri, to comply with any and all provisions of the USPAP as promulgated by the independent Appraisal Standards Board of the Appraisal Foundation.

4

Missouri's statutory framework further provides that a state-certified real estate appraiser's failure to comply with the USPAP is cause for discipline by the Commission. Section 339.532 provides, in relevant part:

> 2. The commission may cause a complaint to be filed with the administrative hearing commission as provided by chapter 621 against any state-certified real estate appraiser . . . for anyone or any combination of the following causes:
>
> . . .
>
> (7) Failure to comply with the Uniform Standards of Professional Appraisal Practice promulgated by the appraisal standards board of the appraisal foundation[.]
>
> . . .
>
> 3. After the filing of such complaint, the proceedings shall be conducted in accordance with the provisions of chapter 621. Upon a finding by the administrative hearing commission that the grounds, provided in subsection 2 of this section, for disciplinary action are met, the commission may . . . place the person named in the complaint on probation on such terms and conditions as the commission deems appropriate . . . or may suspend . . . the certificate or license . . . .

The legislature's intent is clear that a certified real estate appraiser can be disciplined for violation of any provisions of the USPAP that are promulgated under the authority of the Appraisal Foundation. Dwiggins makes no argument that the 2012-2013 Edition of the USPAP was not properly promulgated in this manner. Rather, he asserts that the updated standards cannot be applied in Missouri unless specifically adopted by a legislative or rulemaking procedure.

5

Dwiggins's only support for this claim is Section 339.509, which authorizes the Commission to adopt standards and promulgate regulations to further define, explain, and interpret the USPAP. This statute, however, does not obligate the Commission to formally adopt every provision or edition of the USPAP that may provide grounds for disciplinary action. In fact, such action by the Commission would be redundant of the state and federal requirements to comply with the USPAP under Section 339.535 and Title XI of FIRREA. Implementation of the USPAP is mandated under these provisions, and no additional legislative action or rulemaking process is required to enforce the uniform standards. Accordingly, the Commission did not err in applying the USPAP, 2012-2013 Edition, to find that Dwiggins was subject to professional discipline. We deny the point on appeal.

### CONCLUSION

The Commission's decision is affirmed.

_____
LISA WHITE HARDWICK, JUDGE

ALL CONCUR.

6